**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:19-cv-00704-L |
| ANDRE WILLIAMS and BH LOUNGE | § | |
| OF DESOTO LLC | § | |
| | § | |
| Defendants | § | |

**MOTION FOR AWARD OF ATTORNEYS' FEES UNDER
§ 505 OF THE COPYRIGHT ACT**

Defendants ANDRE WILLIAMS and BH LOUNGE OF DESOTO LLC move this Court for an award of attorneys' fees under 17 U.S.C. § 505 of the United States Copyright Act. Defendants state:

**Introduction**

Joe Hand Promotions, Inc. ("Joe Hand") is a serial litigant with the means to file suits, extract settlements or take defaults on those who do not fight back. Their targets, individuals, and small businesses, like the Defendants, do not have those means. For them, it is either pay up or defend themselves and seek fees for doing so. Fortunately, the Copyright Act provides an avenue for fees incurred in defending a case.

The Defendants immediately informed Joe Hand it sued the wrong people. They backed it up documentary evidence. But Joe Hand persisted and refused requests for any bases for its belief the Defendants should have been sued. Instead, it continued repeatedly demanding five-figure sums from innocent individuals—even rejecting Defendants' nuisance value offers. Only once the Defendants served discovery on this topic and stood firm on demanding the information did Joe Hand unilaterally move to dismiss this case. Thus, a modest award of fees is appropriate under the Copyright Act.

Motion for Award of Attorneys' Fees Under § 505 of the
Copyright Act

1

**History**

According to PACER, Joe Hand has been a plaintiff in 2,987 cases. It has filed over 600 suits in the Fifth Circuit and 178 in the Northern District of Texas. Joe Hand sued the Defendants around four months ago. (Doc. 1). The factual history of this case shows Joe Hand unreasonably filed this case and maintained it without justification.

The Defendants did not run to Court, file an answer, and unnecessarily run up legal bills. Instead, the Defendants let Joe Hand know it had the wrong people. Exhibit A. And, they went a step further, providing three pieces of documentary evidence supporting it. Exhibit A. Upon receipt of the letter, counsel for Joe Hand asked who Defendants "claim[ed] was operating the establishment on August 26, 2017 if it wasn't BH Lounge of Desoto, LLC." Exhibit B. Defendants obliged, provided the names, and even advised that Broadcast Music Inc. dropped a case against the named entities. Exhibit C. Yet, Joe Hand persisted with a $25,000 demand claiming its investigator saw Mr. Williams at the venue. Exhibit D.

Despite having not operating the establishment, the Defendants wished to avoid litigation. So, they Defendants offered Joe Hand $1,000 and $1,500 to take care of this case. Exhibits E & F. The latter offer also inquired how Joe Hand's investigator purportedly could identify Mr. Williams versus some other individual. Joe Hand rejected the settlement offers.

Later, on August 6, 2019, the parties held their Rule 16 conference in preparation for the to-be-conducted scheduling conference. Exhibit D. During that discussion, Joe Hand seemingly acknowledged issues about the individuals the Defendants identified as the most likely responsible for displaying the complained of fight. Exhibits D, G. That same day, Defendants served discovery on Joe Hand. While discovery covered several defense topics, it included requests specifically concerning why Defendants were sued rather than the entities that Defendants had pointed to at the outset. Exhibit H.

Motion for Award of Attorneys' Fees Under § 505 of the Copyright Act

2

Ten days after being served with discovery, Joe Hand requested additional time to respond, which Defendants agreed to a partial extension. Exhibit I. On August 18, 2018, Plaintiff kept demanding nearly ten thousand dollars to settle. Exhibit D. Defendants rejected the offer, outlining why they believed renumeration for fees was appropriate, which Joe Hand responded was a "non-starter." Exhibit J. After another call, requested by Joe Hand, with a lower settlement demand, Defendants rejected the offer and explained they could not counter or accept until he received the discovery responses. Exhibit K.

Rather than provide the oft-sought information, Joe Hand moved to dismiss the case with prejudice. (Doc. 17). The Court granted the motion without response from Defendants. (Doc. 18). Judgment was entered. (Doc. 19). Plaintiff requested fees before filing this motion. Exhibit L. During the discussion about Plaintiff's opposition on this motion, Plaintiff's attorney suggested discovery was served too soon. Exhibit D. So, Defendants suggested they would waive the amounts for discovery efforts if Joe Hand provided the remaining compensation. Exhibit M. Joe Hand has not accepted this compromise.

## Governing law

"After the termination of an action, a court may 'consider collateral issues.'" *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) *quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). One of those issues is "ruling on the attorney fee issue." *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996). That includes copyright cases. *A-Blake Records, LLC v. Cassidy*, Civil Action H-14-3401, at *2 (S.D. Tex. Aug. 23, 2016), *citing Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013).

Courts can award costs and fees to prevailing defendants in copyright cases. 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only in the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534

(1994). Courts cannot hold prevailing defendants seeking fees to a more stringent standard than prevailing Plaintiffs. *See id.* at 534-35 (reversing judgment that held "prevailing defendant [] to a more stringent standard than that applicable to a prevailing plaintiff").

Under *Fogerty*, courts use four (non-exhaustive) factors when considering attorneys' fees: "1) frivolousness, 2) motivation, 3) objective unreasonableness, and 4) the need in particular circumstances to advance considerations of compensation and deterrence." *Galiano v. Harrah's Operating Co.*, 416 F.3d 411, 423 (5th Cir. 2005) (vacating Section 505 award and instructing district court to "provide a Fogerty analysis" on remand)

Fee awards "are the rule rather than the exception and should be awarded routinely." *McGaughey v. Twentieth Century Fox Television Corp.*, 12 F.3d 62, 65 (5th Cir. 1994) (affirming award to defendants), *quoting Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985). *See also Hogan Sys., Inc. v. Cybresource Int'l, Inc.*, 158 F.3d 319, 325 (5th Cir. 1988).

## Argument

As in *Collins v. Union Carbide Corp., Chem. Div.*, "the equities are clear as to who should bear the burden . . . Defendant did nothing save be sued, and should not be penalized for having defended itself." 52 F.R.D. 208, 209 (S.D. Tex. 1971) (citing Rule 54(d) and 6 Moore's Federal Practice §§ 54.70 et seq.). This Court would be hard pressed to find more deserving parties for a fee award. The Defendants:

- Did not own or operate the establishment when the fight was purportedly shown;
- Were sued by a serial litigant;
- Showed all their cards up front;
- Did not demand fees for Joe Hand's mistake at the outset;
- Provided additional information to Joe Hand upon request;
- Even offered a nuisance value settlement; and
- Simply were not the correct defendants.

In this situation, the Defendants should be awarded their reasonable fees and costs, under § 505 of the Copyright Act.

    I.       <u>The Defendants are prevailing parties under the Copyright Act</u>

The Defendants prevailed on the merits. Their request for information about why Joe Hand sued them lead to a dismissal with prejudice. "There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505 . . . This is no less true when a case is dismissed because the plaintiff 'threw in the towel'—that is, where the dismissal is on the plaintiff's own motion." *Mostly Memories, Inc. v. For Your Ease Only, Inc.* 526 F.3d 1093, 1099 (7th Cir. 2008). Dismissal with prejudice alters the relationship between the parties and confers prevailing party status for purposes of considering a claim for fees. It is "tantamount to a judgment on the merits" and sufficient to render defendant prevailing party for an award. *Schwarz v. Folloder*, 767 F.2d 125, 129-31 (5th Cir. 1985); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169-70 (5th Cir. 1980) ("Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata. As such, [defendant] has clearly prevailed in this litigation.").

    II.      <u>The *Fogerty* factors show Defendants are entitled to their attorneys' fees</u>

The *Fogerty* factors each fall in Defendants' favor. A § 505 fee award does not depend on sanctions for discovery violations or non-meritorious motions. Such an argument would be "confused." *A-Blake Records, LLC*, Civil Action H-14-3401, at *2. An award is appropriate "if the examination of the particularly procedural and substantive aspects of the case warrants it." *Id.*

The four *Fogerty* factors are "1) frivolousness, 2) motivation, 3) objective unreasonableness, and 4) the need in particular circumstances to advance considerations of compensation and deterrence." *Galiano*, 416 F.3d at 423. When applying these factors, the Court should keep in mind

that fees are the rule, rather than the exception and should be routinely awarded. *Positive Black Talk v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2008). That is all the more the case when the Joe Hand threw in the towel and denied Defendants discovery responses on "why did you sue us instead of the proper defendants?"

    A. *Joe Hand filed the case against the wrong defendants and did not dismiss it when presented with evidence of the mistake and an opportunity to cure without consequence*

This case was ill-fated and unreasonable from the outset. Sure, the Complaint[1] appears to have adequately plead causes of action—barely. Its boilerplate nature and inability to even say whether signal piracy or internet broadcast occurred shows it was carefully crafted to avoid a motion to dismiss—nothing more. But, was it objectively reasonable? The Court simply cannot conclude it was.

While the initial filing *may* have been a mistake, that does not make it reasonable. Reasonableness does not mean non-sanctionable.[2] Joe Hand could have investigated to determine who proper defendants were. Indeed, reviewing federal court records shows Broadcast Music Inc. sued the likely-correct-defendant at the same address only to drop its suit upon the owner's death. Exhibit C. Before filing, Joe Hand either did not do its research or ignored the results.

Despite repeated requests for information why they sued Defendants, Joe Hand provided no justification other than a limited liability company existed. This demonstrates Joe Hand could look up public records. So, it could have looked up who had the certificate of occupancy at that time. It did not. Instead, it did the bare minimum to get a suit on file and demand tens of thousands of dollars. Again, it could have been reasonable in filing—but it was not.

Defendants promptly advised Joe Hand of its mistake. Yet, Joe Hand continued to demand tens of thousands of dollars while requiring Defendants take steps to defend themselves. As Exhibits

---

[1] Itself a boilerplate complaint much like the hundreds of other recent cases filed by Joe Hand Promotions, Inc.

[2] Defendants stress, this is not a motion for sanctions. Rather, it is a simple fee request the same as the fee request made by Plaintiff in its Complaint.

A – D show, Defendants offered Joe Hand the opportunity drop the case at the outset—without consequence—and provided documentary evidence on Joe Hand's mistake. The Defendants went further, providing information requested by Joe Hand. In return? A $25,000 demand. Demands for tens of thousands of dollars persisted, despite requests for information on why Joe Hand sued Defendants in the first place. Only upon requiring Defendants to answer, assert affirmative defenses, entertain communications at Plaintiff's request, participate in a scheduling discussion, draft and serve discovery, and firmly require responses, did Joe Hand drop the case

Joe Hand enjoyed many opportunities to show it acted in an objectively reasonable fashion. At every turn it refused. Instead, it demanded five-figure settlements. There is a single conclusion that can be drawn from these facts—Joe Hand made a mistake, knew it, and, rather than correct the mistake, continued to try to shake down the Defendants. Only once the Defendants firmly called the bluff, saying they needed discovery responses to consider any further settlement offers, did Joe Hand drop its case.

B.  *Joe Hand's litigation model and behavior here show its motivation is to extract cash from defendants*

According to PACER, Joe Hand Promotions, Inc. is a plaintiff in nearly 3,000 cases. This places it among the most prolific filers of cases like these in the country. By itself, that does not show bad motivation. Nor does the fact that the complaints in these cases are all boilerplate with only small changes to identify defendants. That said, combined with Joe Hand's behavior here, its true nature and motivation are uncovered.

Joe Hand refused a nuisance value settlement. Not only could Joe Hand have done the right thing, but it also could have made money doing so. This speaks volumes to Joe Hand's motivation.

Joe Hand has a litigation business model. It does not make or produce the fights it complains about. Instead, it files bare-bones recitals of possible claims. PACER reveals a vast majority of these

cases settle at the outset or get default judgments. This case was one of the (statistically) few that the Defendants said "I didn't do it."

Perhaps Joe Hand has the right to demand tens of thousands of dollars for cases that would likely lead to much lower judgments. But, that behavior should have ended with the first letter to opposing counsel. Exhibit A. It certainly should have when Defendants provided the name of the most likely proper defendants. Exhibit C. Showing its true motivation for this case, Joe Hand demanded $25,000. The motivation factor suggests this case was filed as a shake-down and advanced as just that. Thus, this factor falls in favor of Defendants' fee request.

### C. Joe Hand's behavior was objectively unreasonable

Again, filing the suit may have been a mistake. Even so, it was objectively unreasonable. As explained above, Joe Hand claimed a business without a license to do business was operating the establishment. Joe Hand could have checked up on this, but it chose not to.

The entirety of Joe Hand's behavior after filing was unreasonable. While Defendants bent over backwards to try to secure an early dismissal without hurting Joe Hand's bottom line, Plaintiff unreasonably persisted in demanding tens of thousands of dollars from Defendants it knew it wrongly targeted. Exhibits A – F. This factor also falls in Defendants' favor.

### D. The need to deter more abuses by Joe Hand suggests a fee award is appropriate

The final *Fogerty* factor falls strongly in Defendants' favor. The "need in particular circumstances to advance considerations of compensation and deterrence" particularly applies in this situation. *Galiano*, 416 F.3d at 423. "[T]he need for deterrence, however, weighs in favor of a fee award to the defendants. Cases show that when there is an unreasonable case, deterrence is an important factor." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 796 (S.D. Tex. 2009).

Defendants will not repeat the same facts over and over. The summary is:

- Joe Hand is a serial litigant that files bare-bones boiler plate complaints;

Motion for Award of Attorneys' Fees Under § 505 of the
Copyright Act

8

- Joe Hand did not conduct a thorough analysis of who operated the establishment before suing the defendants;
- Joe Hand was presented with evidence showing it had the wrong defendants;
- Joe Hand refused to provide any support any alleged belief it had the correct defendants;
- Joe Hand continued to demand tens of thousands of dollars despite the foregoing; and
- Joe Hand only dismissed the case after forcing Defendants to defend themselves and firmly call its bluff.

As a serial litigant, Joe Hand has greater resources than the small bars and taverns it sues. It holds all the cards. It can bring these suits against any small bar and extract large settlements as they cannot afford to defend themselves. The only card these small venues have is the hope for fees at the end of a case like this one.

Defendants ask this Court to apply "the rule rather than the exception." *McGaughey*, 12 F.3d at 65. Getting off the hook for such egregious behavior here will simply embolden Joe Hand. It will send a signal that not only does Joe Hand not have to do its homework before filing, but it run up bills hoping a defendant caves, and can then cut and run without consequence. Allowing Joe Hand off the hook means every defendant—even those Joe Hand has no basis to sue —should simply pay up an amount less than the cost of a bare bones defense. This perverts the Copyright Act's purposes.

Judge Otis Wright dealt with a similar situation. In *Ingenuity 13 LLC v. Doe* he faced a case involving a serial copyright litigant using boilerplate complaints much like Joe Hand.

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, . . . and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

*Ingenuity 13 LLC v. Doe*, Case No. 2:12-cv-8333-ODW(JCx), at *1 (C.D. Cal. May. 6, 2013) (awarding sanctions). Of course, this case does not allege the download of pornography. But it does accuse the

Defendants of signal piracy—a federal crime. In any event, the interplay between settlement and bare-bones defense costs is afoot here.

By all means, if Joe Hand has proper defendants, standing, and good facts, sue away. But the Court should discourage abuse of the Copyright Act and encourage Joe Hand to bring cases only against proper defendants. And, if Joe Hand gets it wrong, it should correct itself, rather than keep demanding tens of thousands of dollars. If this Court does not award fees, Joe Hand has no reason to cease its behavior. "Consistent with furthering the purposes of the Copyright Act . . . a party that presents only objectively unreasonable claims . . . should not be encouraged in such conduct and, in fact, should pay the attorney's fees associated with the prevailing party's resulting necessary . . . defense." *Randolph,* 634 F. Supp. 2d at 796, *quoting Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1246 (S.D. Fla. 2008). This factor falls in favor of Defendants.

III.       *Defendants' fees and costs are modest and reasonable*

Defendants seeks $5,147.50 in fees for defense of this case under the lodestar method. They also seek $41.03 in costs.

The first step in computing the lodestar is determining a reasonable hourly rate. This is the prevailing market rate for similar services by similarly trained and experienced lawyers in the area. Undersigned's hourly rate is $235.00 per hour. Exhibit D. Undersigned focuses his practice in intellectual property litigation, teaches intellectual property law at Bradley University. He served as chair, and is current *ex officio*, of the Illinois State Bar Association's Intellectual Property Section Council. He has been published by the Illinois State Bar Association and often presents on intellectual property matters. By handling many Joe Hand cases throughout the country, he brings a level of efficiency and familiarity to these cases. Exhibit D.

The most recent American Intellectual Property Association survey shows the median hourly rate for a solo practitioner practicing in intellectual property law in Texas was $327 per hour in 2016.

Exhibit N. Undersigned's hourly rate comes in far below that. As a result, his hourly rate should be deemed reasonable.

The next factor is whether the hours sought are reasonable. In support of its claim, the Defendants submit undersigned's affidavit and attached Exhibit D. Here, Copyright claims were so intertwined with the signal piracy claims as to render them impossible to separate. Some billing records are redacted, but provide "sufficient information to form an opinion on the reasonableness of the fees." *See Vantage Trailers, Inc. v. Beall Corp.*, No. 06-3008, 2008 WL 4093691, *3 n. 2 (S.D. Tex. Aug. 28, 2008).

Fees and costs associated with the *pro hac vice* application and local counsel fees are excluded from this request. Finally, the AIPLA survey shows that through case management, this case should be expected to cost around $32,000. Exhibit N. At around 15% of that cost, with the parties having their conference and Defendants having served discovery, the amount is reasonable.

The Defendants also seek their costs. Those costs, supported by billing records, are:

- Certified postage for subpoenas in the amount of $27.40;
- Printing at $0.10 per page to total $12.60; and
- Fees from the Texas Secretary of State in the amount of $1.03 to research LLC status.

These expenses are nominal and all necessary to defend the action.

### Rule 7.1(b)(3) Certificate

Opposing counsel and undersigned discussed this Motion by phone on September 4, 2019. Joe Hand opposes this Motion.

### Conclusion

Joe Hand demanded tens of thousands of dollars from Andre T. Williams and his business while first not investigating the claim and later bluffing. They refused to settle on any reasonable terms and only after their bluff was called did they dismiss the case. The Defendants are prevailing parties

and Joe Hand's behavior shows they are entitled to fees under the *Fogerty* factors. Thus, they ask the

Court to enter an award for costs and fees under § 505 of the Copyright Act in the amount requested.

Respectfully submitted,
ANDRE WILLIAMS and BH LOUNGE OF
DESOTO LLC, by,

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Ill. Bar No. 6302752
Attorney at Law
Post Office Box 6323
Peoria, Illinois 61601-6323
Tel:    (309) 643-9016
Email: jon@jlaplaw.com
*Pro hac vice counsel for Defendants*

James Crewse
Texas State Bar No. 24045722
Crewse Law Firm PLLC
5546 Goodwin Avenue
Dallas, Texas 75026
Tel:    (214) 394-2856
Email: jcrewse@crewselawfirm.com
*Local counsel for Defendants*

### Certificate of Service

Undersigned certifies and states that on September 6, 2019 he served the foregoing document on all counsel of record at their addresses last disclosed on the pleadings.

/s/ Jonathan LA Phillips