# Exhibit A

# Jonathan LA Phillips

—— ATTORNEY AT LAW ——

July 5, 2019

Julie C. Lonstein, Esq.  
Lonstein Law Office, P.C.  
190 South Main Street  
Post Office Box 351  
Ellenville, New York 12428  
By email to legal@signallaw.com and  
julie@signallaw.com

Roger Albright, Esq.  
Sheils Winnubst, P.C.  
1701 North Collins Boulevard  
Suite 1100  
Richardson, Texas 75080  
By email to roger@scheilswinnubst.com

Re:    *Joe Hand Promotions, Inc. v. Williams, et al.*  
        Northern District of Texas Case No. 3:19-cv-00704-L  
        Your file:        JHP17-01TX-06  
        My file:            00243-WIL

Dear Julie and Mr. Albright:

As Julie knows, we have handled many these cases together. And many times, we settle the cases. Even so, there are Joe Hand cases I litigate. In fact, in a recent case in the Eastern District of Texas, I did just that—and my client ended up with a walk away after Joe Hand's attorneys spent months on the matter. There, as here, Joe Hand simply sued the wrong entities. I represent them.

Here you are suing Mr. Williams and BH Lounge of Desoto LLC. Yet the entity and person running the venue at that time were not the Defendants you sued. I understand you were  informed about the entities owning and running the venue at the complained of time - a family member explained the owner had died. While my client is a protégé of the deceased, Mr. Williams did not work at the venue and did not purchase an interest in the prior company. This is a new entity with a non-involved owner. There is no legal connection between the two

I suspect you may want proof of the same, especially so you can meet Rule 11 obligations.[1] Attached you will find a mixed beverage permit. You will see it was not granted until *after* the fight. You will also find a certificate of occupancy and food permit, also issued *after* the fight.

In the recent Eastern District of Texas case, I learned  Joe Hand reviewed liquor license information and filings with the Texas Secretary of State. So, I know Joe Hand can review this information before filing cases. In that case Joe Hand and its attorneys had a basis to suspect my client was involved. As it turned out, the actual owners put her name on documents. They later admitted to doing so. Yet, Joe Hand did not let her out of the case. This case is similar in that Joe Hand is suing the wrong entities. It differs that Joe Hand has no basis to suspect my clients' involvment.

---

[1] I hate to even bring up Rule 11. But in my Eastern District of Texas case, Joe Hand's attorneys ignored blatant admissions by co-defendants acquitting my client of any wrong-doing. Only after discovery and escalated litigation did Joe Hand take its failure to investigate seriously. There my client eventually allowed a walk-away, rather than seeking fees. I cannot guaranty the same here. Accordingly, I sincerely hope Joe Hand will take a serious look at the attached documents.

P.O. Box 6323 • Peoria, Illinois 61601-6323  
(309) 643-9016  
jon@jlaplaw.com

Lonstein, J.
7/5/19
Page 2

Here, there is no evidence my clients were involved at the time of the fight. In fact, the advertisement even uses a different logo than my clients' business.

I demand that you immediately dismiss this case. If it is not dismissed by July 9, 2019, my clients will be forced to defend themselves. Of course, what I have laid out above will serve as the primary defense. Even so, we will assert all available defenses—i.e., strict liability for signal piracy, lack of standing, the "internet defense," and so on. That said, we will seek fees for defending this matter unless you have some basis to conclude my clients were the venue and the owner at the time of the fight.

Again, we have had enough cases together to inform you that if this was an internet defense, strict liability defense, or lack of standing defense, we would be discussing settlement. We would be determining whether Joe Hand would come down enough to, essentially, make it cheaper to settle than defend. Here, my clients are motivated to clear their names. And, frankly, Joe Hand simply has no basis to sue them. So, we offer no settlement other than my client will not answer and seek its fees if the matter is dismissed by July 9, 2019.

Please let me know if you have any questions.

Sincerely,

Jonathan LA Phillips
Attorney at Law
jon@jlaplaw.com


Encs. as indicated

## TEXAS ALCOHOLIC BEVERAGE COMMISSION

THIS PERMIT IS NOT TRANSFERABLE. MUST BE PUBLICLY DISPLAYED AT ALL TIMES AND USED ONLY IN THE PLACE OF BUSINESS INDICATED HEREON. THE ACCEPTANCE HEREOF CONSTITUTES AN EXPRESS AGREEMENT TO PERMIT ANY AUTHORIZED REPRESENTATIVE OF THE COMMISSION OR ANY PEACE OFFICER TO FREELY ENTER UPON PERMITTEE'S PREMISES TO PERFORM ANY DUTY IMPOSED UPON HIM

MIXED BEVERAGE PERMIT
FOOD AND BEVERAGE CERTIFICATE
MIXED BEVERAGE LATE HOURS PERMIT

MB1001423     NEW

ISSUED - 12/05/2017   EXPIRES - 12/04/2019

SIGN = BLUE

BH LOUNGE OF DESOTO
2021 N HAMPTON ROAD SUITE 100
DESOTO   DALLAS

MAIL

BH LOUNGE OF DESOTO
BH LOUNGE OF DESOTO LLC
2021 N HAMPTON RD STE 100
DESOTO  TX  75115

BH LOUNGE OF DESOTO LLC

EXECUTIVE DIRECTOR



# City of DeSoto

# Certificate of Occupancy

Address: **2021 N Hampton Rd. #100**

**DeSoto, TX 75115**

Name of Business: **B H LOUNGE LLC**

Tenant Name: **Andre' Williams**

Business Type: **Restaurant & Bar**

Telephone: **972-298-2322**

Occupancy Load : **285**          Occupancy Group: **B**

Zoning:   **GR**          Fire Sprinkler: **No**

          Construction Type: **5-B**

_____
Building Official

**11/13/2017**
_____
Date Issued

**Permit # 345**
_____
Certificate Number

IBC-2012

Case 3:19-cv-00704-L    Document 20-1    Filed 09/06/19    Page 6 of 6    PageID 92

# CITY OF DESOTO

## FOOD SERVICE ESTABLISHMENT OPERATOR'S PERMIT

This is to certify that _____ **ANDRE' WILLIAMS** _____

Has complied with the rules and regulations of the City of DeSoto, Ordinance 904.91, and is hereby granted this permit to operate

**BH LOUNGE OF DESOTO**

Located at _____ **2021 N Hampton, Ste. 100** _____

This permit is valid unless suspended or revoked for failure to comply with the rules and regulations of the City of DeSoto Code of Ordinances.

Permit to remain valid until _____ **December 31, 2019** _____

Permit number _____ 19-0187 _____

Date issued _____ **December 31, 2018** _____



_____ *Jimmy Stephens RS/MS* _____
DeSoto Environmental Health Manager

*This certificate must be displayed in a conspicuous place for the public to see at all times.*