IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-704-L-BK |
| | § | |
| ANDRE WILLIAMS AND BH LOUNGE | § | |
| OF DESOTO, LLC, | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's orders of reference, Doc. 22; Doc. 23, before the Court

are Defendants' timely *Motion to Amend Judgment Under Fed. R. Civ. P. 59*, Doc. 21, and

*Motion for Award of Attorneys' Fees Under § 505 of the Copyright Act*, Doc. 20.  For the

reasons that follow, the motions should be **GRANTED**.

## I.  BACKGROUND

On March 21, 2019, Plaintiff initiated this suit against Defendants, alleging copyright

infringement and violations of the Telecommunications Act.  Doc. 1 at 1.  Defendants timely

filed an answer on July 31, 2019, disputing Plaintiff's claims, alleging affirmative defenses, and

seeking, *inter alia*, "costs and reasonable attorneys' fees incurred during this action."  Doc. 12 at

18-19.  Plaintiff filed his *Voluntary Motion for Dismissal*, Doc. 17 at 1, pursuant to Rule

41(a)(2), requesting that the case be dismissed with prejudice.  The "Certificate of Consent"

states that Plaintiff's counsel had "not received the defendants [sic] consent from counsel for

defendants."  Doc. 17 at 2.

The Court granted Plaintiff's motion four days later, holding that "[d]ismissing the action now without awaiting a response to the motion will also prevent the parties from unnecessarily incurring additional legal fees and costs in preparing and filing a Joint Status Report . . . . " Doc. 18. The Court contemporaneously entered judgment, dismissing the case with prejudice and ordering "that the parties **shall** bear their own costs of suit." Doc. 19 (emphasis in original). Defendants subsequently filed the motions *sub judice*, seeking an award of fees and costs as the prevailing party under Section 505 of the Copyright Act, and arguing that the judgment of dismissal was improper because Defendants did not have an opportunity to respond to Plaintiff's motion, thereby depriving the Court of the benefit of all the relevant facts and depriving Defendants of the right to seek fees and costs under the Copyright Act. Doc. 21 at 1.

## II.  ANALYSIS

As the Court's Judgment forecloses the relief sought by Defendants' *Motion for Award of Attorneys' Fees Under § 505 of the Copyright Act*, Defendants' *Motion to Amend Judgment Under Fed. R. Civ. P. 59* is considered first.

### A.  Defendants' Motion to Amend Judgment Should Be Granted

A Rule 59(e) motion to alter or amend a final judgment "calls into question the correctness of a judgment." *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted). A Rule 59(e) motion to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Id.* at 479.

Unless a notice of dismissal is filed before the defendant answers or a stipulation of dismissal signed by all parties is filed:

> An action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before

being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).

Although Plaintiff's motion to dismiss was not agreed, Defendants were not given the opportunity to respond and contest Plaintiff's assertion that the parties should bear their own costs, despite the fact that Defendants' answer requested that it be awarded fees and costs upon dismissal of Plaintiff's claims with prejudice. *See* N.D. TEX. L. CIV. R. 7.1(e) ("response and brief to an opposed motion must be filed within 21 days from the date the motion is filed"); Doc. 12 at 18-19. As such, the Court's Judgment deprives Defendants of the right to contest Plaintiff's request that each party bear its own costs and to pursue Defendants' affirmative claim for an award of attorneys' fees and costs.

As Defendants correctly assert, "[t]his situation is not about facts newly discovered by Defendants. Rather, it is about facts that were not presented to the Court by no fault of the Defendants." Doc. 21 at 3. And while the Learned Court's reasoning that a judgment granting dismissal with prejudice without waiting for a response would save the parties additional fees is sound, it did not adequately consider the significant fees and costs Defendants had already incurred and, for which, as explained *infra*, Section 505 of the Copyright Act provides them the ability to seek recoupment.

**B. Defendants are Entitled to an Award of Their Reasonable Fees and Costs**

Defendants contend that in light of certain activity related to the case and Plaintiff's ultimate decision to voluntarily seek dismissal with prejudice of its case, Defendants are entitled to an award of attorneys' fees and costs expended in the defense of this case. Specifically, Defendants seek attorneys' fees of $5,147.50 and $41.03 in costs. Doc. 20 at 10-11.

3

Defendants' also include an affidavit of counsel with detailed billing records in support of its request.  Doc. 20-4 at 1-7.

Plaintiff argues that Defendants are "not entitled to fees because those fees were incurred unnecessarily (and unquestionably based on 'cut and paste' demands used by him in another Joe Hand Promotions case in North Carolina)."  Doc. 24 at 11-12.   Plaintiff also contends, in a somewhat circular argument:

> Defendants are not deserving of fees in this action, especially in light of not opposing a duly noticed motion to dismiss with prejudice.  Instead, in a clearly calculated move to snatch publicity from the jaws of victory, defense counsel is trying an end-run by trying to revive a case in which The [sic] Court already evaluated the interests of justice and Ordered that each party bear their own costs.

Doc. 24 at 12.  Notably, nowhere in Plaintiff's response, which goes far to personally assail defense counsel,[1] does he contend that Defendants are not the prevailing party for purposes of Section 505.

The Copyright Act provides that a court may award costs and reasonable attorneys' fees to a prevailing party.  17 U.S.C. § 505.  "[I]n copyright cases the award of attorney's fees is 'the rule rather than the exception and should be awarded routinely.'"  *La. Contractors Licensing Serv., Inc. v. Am. Contractors Exam Servs., Inc.*, 594 Fed.Appx. 243, 244 (5th Cir. 2015) (quoting *Micromanipulator Co. v. Bough,* 779 F.2d 255, 259 (5th Cir. 1985)).  Section 505 "grants courts wide latitude to award fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (citations omitted).

---

[1] *See, e.g*., Doc. 24 at 12 ("Instead of acting in a collegial and professional manner and putting the interests of his clients first, a clear pattern of self-serving behavior by defendant counsel has emerged.  A review of Mr. Phillips website http://www.jlaplaw.com/experienced-joe-hand-and-zuffa-defense shows that his litigation 'tactics' are exactly that, tactics.").

When determining whether to award fees to a under the Copyright Act, courts may consider several nonexclusive factors, including the losing party's "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (alterations and internal quotation marks omitted). *See also Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994) (under the Copyright Act, prevailing plaintiffs and prevailing defendants seeking attorney fees are to be "treated alike").

Thus, the question of whether Defendants can recover attorneys' fees under Section 505 turns on whether Defendants qualify as a "prevailing party." *See Heritage Capital Corp. v. Christie's, Inc.*, No. 3:16-CV-3404-D, 2018 WL 398202, at *2 (N.D. Tex. Jan. 12, 2018) (Fitzwater, J.). "[A] 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res*., 532 U.S. at 603 (2001). "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (internal quotation marks and cited cases omitted). A prevailing party must "(1) obtain actual relief that (2) materially alters the legal relationship between the parties and (3) modifies the [opposing party's] behavior in such a way that benefits the [moving party] at the time of the judgment." *Howard v. Weston*, 354 Fed. Appx. 75, 77 (5th Cir. 2009) (per curiam) (citing *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008)).

This Court has specifically held that "voluntary dismissal with prejudice of copyright claims confers prevailing party status on defendants under *Buckhannon*." *Heritage Capital Corp.*, 2018 WL 398202, at *2 & n.3 (citing *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928

(7th Cir. 2008)).  In the cited case, the Seventh Circuit reasoned that voluntary dismissal with

prejudice under Rule 41(a)(2) "did not make [the moving party] less the victor than it would

have been had the judge granted summary judgment or a jury returned a verdict in its favor.  [the

plaintiff] sued; [the defendant] won; no more is required."  *Riviera*, 517 F.3d at 928.

 Here, Plaintiff moved for dismissal with prejudice under Rule 41(a)(2).  Doc. 18 at 1-2;

*cf. Riviera*, 517 F.3d at 928 (plaintiff consented to dismissal with prejudice).  Moreover, because

dismissal is with prejudice, there is "no prospect of further litigation on the claim" and "[i]n

essence, there [is] no opportunity for [Defendants'] victory to be undone in another forum."

*Heritage Capital Corp.*, 2018 WL 398202, at *4 (interpreting *Riviera*, 517 F.3d at 928).  Lastly,

dismissal with prejudice most certainly alters Defendants and Plaintiff's legal relationship, to

Defendants' benefit.  *See Howard*, 354 Fed. Appx. at 77.  Accordingly, Defendants are the

prevailing parties.

 Although Plaintiff contends in conclusory (and lengthy) fashion that defense counsel

acted in bad faith, he has not presented any evidence to support such a finding.  Doc. 24 at 14-17.

Again, as the award of attorneys' fees under Section 505 is the rule rather than the exception,

*Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985), an award of fees and costs in

this case is appropriate.

## C. Determination of Defendants' Reasonable Fees and Costs

 The Court next considers whether the attorneys' fees and costs sought are reasonable.

The Court of Appeals for the Fifth Circuit has endorsed a two-step process when determining an

award of attorneys' fees.  *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing

*Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)).  The first step is the

lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by

the prevailing hourly rate in the community for similar work." *Id.*  In evaluating the

reasonableness of the number of hours claimed, courts determine "whether the total hours

claimed are reasonable [and] also whether particular hours claimed were reasonably expended."

*La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995).  The party seeking

attorneys' fees bears the burden of establishing the prevailing market rate for similar services.

*Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  Following the calculation of the lodestar, the

Court then must determine whether to adjust the fee on the basis of several other factors that may

be of significance in the particular case.[2]  There is a strong presumption that the lodestar

calculation represents the reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Here, considering counsel's experience[3] and the Court's knowledge of comparable

attorney billing rates in intellectual property cases, the Court finds that defense counsel's hourly

rate of $235 is reasonable.  *See* Doc. 20 at 10-11, *see also Islamic Ctr. of Miss., Inc. v. City of

Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) ("When that rate is not contested, it is *prima facie*

reasonable.").  Defense counsel's billing summaries indicate that counsel expended

approximately 23.6 hours in the defense of this case, for which counsel seeks reimbursement of

---

[2] *See Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).  The *Johnson* factors consist of: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

[3] *See* Doc. 20-4 at 3 ("My practice focuses heavily on intellectual property litigation.  In fact, I have handled dozens of Joe Hand Promotion Inc. cases over the years.").

$5,147.50.[4]  Doc. 20-4 at 4-7.  A review of the detailed entries reveals that the time expended

was commiserate with the tasks recorded and is, thus, reasonable.

The additional $41.03 in costs requested represents certified postage for

subpoenas, printing at 10 cents per page, and a fee of $1.03 "to research LLC status."

Doc. 20 at 11.  All but the latter expense is permitted.  *See* 28 U.S.C. 1920 (specifying the

costs that may be taxed).

Considering the *Johnson* factors here, the Court concludes that an award of $5,147.50 in

attorneys' fees and $40.00 in costs is appropriate.  *See Crenshaw Media Grp. LLC v. Davis*, No.

3:17-CV-2204-N, 2018 WL 3496473, at *4 (N.D. Tex. July 20, 2018) (Godbey, J.) (concluding

$5,000 in attorneys' fees was appropriate under § 505 of the Copyright Act).

### III.  CONCLUSION

For the foregoing reasons, Defendants' *Motion to Amend Judgment Under Fed. R. Civ. P.

59*, Doc. 21, and *Motion for Award of Attorneys' Fees Under § 505 of the Copyright Act*, Doc.

20, should be **GRANTED**.  The Court should amend its Judgment to include a finding that

Defendants are a prevailing party and award Defendants reasonable attorneys' fees of $5,147.50

and $40.00 in costs incurred in the defense of this action.

**SO RECOMMENDED** on March 10, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Counsel does not seek compensation for "zeroed out" hours "related to appearing *pro hac vice*"
and retaining local counsel.  Doc. 20-4 at 4-7.  By the Court's calculation, the amount requested
also includes a further reduction of $140, which is attributed to counsel's further exercise of
billing judgment.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF
## RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).