IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.**, as Broadcast Licensee of the August 26, 2017 Mayweather vs. McGregor Match,<br><br>         Plaintiff,<br>v.<br><br>**ANDRE WILLIAMS,** Individually, and as officer, director, shareholder, principal, manager and/or member of BH LOUNGE OF DESOTO LLC d/b/a BH LOUNGE OF DESOTO a/k/a BRICKHOUSE LOUNGE RESTAURANT & BAR and<br>**BH LOUNGE OF DESOTO LLC d/b/a BH LOUNGE OF DESOTO a/k/a BRICKHOUSE LOUNGE RESTAURANT & BAR**,<br>         Defendants. | §§§§§§§§§§§§§§§§§§ | Civil Action No. **3:19-CV-704-L** |

# ORDER

On March 10, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 28) was entered, recommending that the court grant Defendants' Motion to Amend Judgment Under Fed. R. Civ. P. 59 (Doc. 21) and Motion for Award of Attorney's Fees [and Costs] under 17 U.S.C. § 505 of the Copyright Act (Doc. 20), both of which were filed September 6, 2019. Specifically, the magistrate judge recommends that the court amend its August 27, 2019 judgment to include a finding that Defendants are the prevailing party and award Defendants $5,147.50 for reasonable attorney's fees and $40 for costs or a total of $5,187.50 incurred in the defense of this action under the Copyright Act.

On May 19, 2020, Plaintiff filed objections to the Report (Doc. 24), to which Defendants responded on June 16, 2020. Plaintiff contends that the magistrate judge's recommendation is

"antithetical to the [undersigned's] August 27, 2019 dismissal with prejudice . . . without costs being awarded to either party"; and does not "consider the reasonableness of plaintiff's position nor the conduct of the Defendant[s]." Pl.'s Obj. 1-2.  Alternatively, Plaintiff argues that, if the court agrees with the magistrate judge that Defendants are entitled to an award of attorney's fees and costs, the amount of fees awarded "should be significantly reduced because they are unreasonable, [were] unnecessarily incurred, and effectively punishes the Plaintiff for choosing to conserve both party's limited resources in this action." *Id.* at 2.  Plaintiff acknowledges that Defendants are the prevailing party as determined by the magistrate judge, but it asserts that Defendants could have mitigated all of their requested attorney's fees.  Plaintiff further asserts that the magistrate judge did not consider the wide latitude given to courts under section 505 of the Copyright Act to consider the totality of circumstances in a case in awarding fees or the objectives of the Copyright Act. According to Plaintiff, the circumstances of this case do not warrant awarding Defendants the attorney's fees requested or advance the objectives of the Copyright Act because:

> When the cost of litigation started to exceed any potential award, the Plaintiff chose to stop pursuing this claim because of its limited resources. By awarding Defendants their entire requested fees, the report and recommendation does not advance the goal of the Copyright Act, in fact it diminishes the value that it holds in our society. By awarding Defendants[,] total requested fees, in defense of [] an otherwise willful violation of the Copyright Act, the Court is sending a message to all future violators of the Copyright Act, "If you become too much of a burden to deal with, you can literally succeed in stealing." Plaintiff has reiterated multiple times that it chose to conserve resources, which was the impetus for the motion for dismissal and specifically for each party to bear its own costs.

*Id.* at 5.

Defendants disagree and presented argument and supporting evidence to demonstrate that Plaintiff sued the wrong person(s) but continued in its effort to extract an unreasonable settlement amount from Defendants even after being provided with information indicating that Plaintiff had

**Order – Page 2**

sued the wrong person(s). Defendants also presented evidence that shows they attempted to resolve the litigation by making settlement offers of $1,000 and $1,500 early in the case, and only incurred fees in drafting their answer and affirmative defenses and discovery after Plaintiff rejected both offers.

Defendants have shown that it was Plaintiff's conduct, not Defendants,' that caused Defendants to incur attorney's fees and costs that could have been avoided but for the manner in which Plaintiff handled this litigation. As Defendants correctly point out, Plaintiff does not dispute that Defendants are the prevailing party. Moreover, the Report aptly notes that Defendants should have been given an opportunity to contest Plaintiff's request to dismiss this action under Federal Rule of Civil Procedure 41(a)(2) with each party bearing their own costs:

> Although Plaintiff's motion to dismiss was not agreed, Defendants were not given the opportunity to respond and contest Plaintiff's assertion that the parties should bear their own costs, despite the fact that Defendants' answer requested that it be awarded fees and costs upon dismissal of Plaintiff's claims with prejudice. See N.D. TEX. L. CIV. R. 7.1(e) ("response and brief to an opposed motion must be filed within 21 days from the date the motion is filed"); Doc. 12 at 18-19. As such, the Court's Judgment deprives Defendants of the right to contest Plaintiff's request that each party bear its own costs and to pursue Defendants' affirmative claim for an award of attorneys' fees and costs.

Report 3. The court assumed that Defendants would not object to Plaintiff's motion given that dismissal was being sought with prejudice. Based on the court's experience with these types of cases, it also assumed, albeit incorrectly, that Defendants would not object to Plaintiff's request to have the parties bear their own costs. In light of Defendants' opposition and evidence, however, the court agrees with the magistrate judge that Defendants have established their entitlement to relief

under Federal Rule of Civil Procedure 59(e), and they are entitled to the attorney's fees and costs sought without further reduction.[*]

Thus, having considered Defendants' motions, supporting documentation, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections, **grants** Defendants' motions (Doc. 20, 21), and **awards** Defendants a total of **$5,187.50** in reasonable attorney's fees and costs. The court **vacates** it August 27, 2019 judgment and will issue an amended judgment to indicate Defendants' status as the prevailing parties and their entitlement to an award against Plaintiff in the amount of $5,187.50 for the reasonable attorney's fees and costs incurred by Defendants in this action.

**It is so ordered** this 19th day of June 2020.

Sam A. Lindsay
United States District Judge

---

[*] The magistrate judge determined, and the court agrees, that the amount of attorney's fees sought and the reductions made by Defendants show that they exercised appropriate billing judgment.

**Order – Page 4**